nature of a writ of habeas corpus, it is ordered that Respondents show cause on or before June 3, 2011, why the requested relief should not be granted.

Wednesday, May 25, 2011

No. 11–0320/AF. U.S. v. Crane Xu. CCA 37722. On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, we conclude that Appellant's waiver of appellate counsel prior to the convening authority's action was premature and that the convening authority failed to appropriately credit Appellant for prior punishment under Article 15, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 815 (2006), for an offense also charged as part of Additional Charge II. Accordingly, it is ordered that said petition is hereby granted on the following issues:

   I. WHETHER APPELLANT'S WAIVER OF APPELLATE COUNSEL, AT THE END OF TRIAL AND 117 DAYS BEFORE ACTION, WAS PREMATURE AND THEREFORE LEGALLY INVALID AND WITHOUT EFFECT.

  II. WHETHER THE STAFF JUDGE ADVOCATE'S RECOMMENDATION ERRONEOUSLY FAILED TO REFERENCE APPELLANT'S PREVIOUS ARTICLE 15 PUNISHMENT FOR AN OFFENSE ALSO CHARGED AS PART OF ADDITIONAL CHARGE II.

 III. WHETHER THE LOWER APPELLATE COURT FAILED TO APPROPRIATELY CREDIT APPELLANT FOR THE PRIOR ARTICLE 15 PUNISHMENT FOR AN OFFENSE ALSO CHARGED AS PART OF ADDITIONAL CHARGE II.

It is further ordered that the decision of the United States Air Force Court of Criminal Appeals and the convening authority's action are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the convening authority for new post–trial review and action. Thereafter, Article 66, UCMJ, and Article 67, UCMJ, respectively, will apply. Furthermore, Appellant's motion to supplement the record and Appellee's motion to file a second opposition to remand are hereby granted; and Appellant's motion for remand, Appellee's motion to supplement the record, Appellant's second motion to supplement dated February 18, 2011, and Appellant's second motion to supplement the record dated April 1, 2011, are hereby denied as moot.

No. 11–0483/AR. U.S. v. Kevin P. Perkins. CCA 20080893. On consideration of the petition for grant of review of the decision of the United States Army Court of

Criminal Appeals and in light of *United States v. Edwards*, 69 M.J. 375 (C.A.A.F. 2011), it is ordered that said petition is hereby granted on the following issue:

> WHETHER THERE IS SUBSTANTIAL BASIS IN LAW OR FACT TO QUESTION APPELLANT'S PLEA TO ESCAPE FROM CONFINEMENT GIVEN THAT HE WAS NEITHER WITHIN A CONFINEMENT FACILITY NOR UNDER GUARD OR ESCORT AFTER HAVING BEEN PLACED IN A CONFINEMENT FACILITY.

It is further ordered that the decision of the United States Army Court of Criminal Appeals is reversed as to Charge II and its specification, and Charge II and its specification are dismissed. The remaining findings of guilt and the sentence are affirmed.

Thursday, May 26, 2011

No. 11–0396/MC. U.S. v. Joshua D. Fry. CCA 201000179. Review granted on the following issue:

> APPELLANT PURPORTEDLY ENLISTED IN THE MARINE CORPS AFTER A JUDICIAL DETERMINATION OF HIS INCAPACITY TO CONTRACT, WHICH REMAINS IN EFFECT. WAS HIS ENLISTMENT VOID *AB INITIO*?

Briefs will be filed under Rule 25.